IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC CRAFT, | ) | |
| Petitioner, | ) | Civil Action No. 13-26 Erie |
| v. | ) | District Judge Sean J. McLaughlin |
| UNITED STATES GOVERNMENT, | ) | Magistrate Judge Susan Paradise Baxter |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended this case be dismissed without prejudice for failure to prosecute.

**II.   REPORT**

On or around December 13, 2012, the Clerk of Court for the U.S. District Court for the Middle District of Pennsylvania received from Petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 1]. He subsequently filed a motion for leave to proceed *in forma pauperis* [ECF No. 4], however, he did not provide the required institutional account statement.

The Middle District Court transferred the case to this Court because Petitioner is confined at the Federal Correctional Institution McKean, which is within the territorial boundaries of the Western District. [ECF No. 6]. On February 19, 2013, this Court issued an Order directing Petitioner to submit the $5.00 filing fee or the required institutional account statement on or before March 12, 2013. The Court expressly advised him that failure to comply would result in dismissal of this case for failure to prosecute.

This Court's February 19, 2013, Order was mailed to Petitioner at his address of record. He did not comply with it.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire &

1

Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and, 6) the meritoriousness of the claim or defense. Id. at 868.

After weighing the Poulis factors to the extent appropriate, it is recommended that the Court dismiss this case without prejudice. Although not all the factors relevant to the Poulis balancing test weigh in favor of dismissal, that is not necessary. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Since the filing of this case, Petitioner has not made the necessary first steps to prosecute it. He has not paid the required filing fee or filed the required institutional account statement to support his motion for leave to proceed *in forma pauperis*. Without Petitioner's payment of the filing fee or *in forma pauperis* status, this case cannot proceed. He is *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Although it is possible that he could state a claim upon which relief ultimately could be granted, the merits of the claim are impossible to determine at this early stage of the proceeding.

Based upon all of the forgoing, it is recommended that this case be dismissed without prejudice.

Dated: March 18, 2013                                /s/ Susan Paradise Baxter
                                                     SUSAN PARADISE BAXTER
                                                     United States Magistrate Judge

cc:     Eric Craft
        11238-067
        FCI McKean
        PO Box 8000
        Bradford, PA 16701